**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-60050
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLIE GLENN COOK,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:94-CV-56-B

---

November 10, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Charlie Glenn Cook appeals from the district court's denial of his petition for habeas relief under 28 U.S.C. § 2255. The district court held that all of Cook's claims except ineffective assistance of counsel were procedurally barred. The district court made this ruling prior to any motion to dismiss by the government. As the government did not have the opportunity to raise the issue of procedural bar, and as that issue may only be addressed when raised by the government, this Court will address Cook's claims on the merits.[2] As Cook's assignments of error are without merit, we affirm the judgment of the district court.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] United States v. Drobny 955 F.2d 990, 994-995 (5th Cir. 1992).

Cook's first contention is that he received ineffective assistance of counsel at sentencing. Cook contends that the district court applied the 1988 sentencing guidelines to a crime committed in 1987, and that counsel failed to object to this ex post facto application of law. The district court applied the 1988 guidelines based on a finding of fact that Cook took part in a continuing criminal enterprise until March 8, 1989. This court reviews a finding of fact to determine if that finding was "clearly erroneous."[3]

Cook contends that there is no evidence in the record to support the position that he engaged in any criminal conduct after July 22, 1988. He further contends that the 1988 guidelines were not yet in effect at that time. Despite Cook's contention that he did not engage in criminal conduct after July of 1988, he does not contend, nor does he present any evidence to support the notion that he took affirmative steps to withdraw from the criminal enterprise. Absent such evidence the finding of fact is not clearly erroneous, and there is no ex post facto violation.[4]

Cook's second contention is that he was denied due process of law by the government's breach of his plea agreement. Under the agreement, the government was to recommend a sentence of ten years without parole for the continuing criminal enterprise. The agreement also provided that Cook would give the IRS, DEA, and other law enforcement agencies "full and truthful statements... as to all knowledge he may have of other persons who may have participated in any way in these and all related offenses."[5] In the end, Cook would not name the source of his narcotics, stating that such cooperation would jeopardize the lives of his family members.

In examining a plea agreement for a breach, the court applies the law of contracts.[6] Cook breached the agreement to provide information regarding other persons who participated in the crime. Once Cook breached the agreement, the government was no longer obligated to recommend a sentence of ten years. Cook suffered no due process violation.

---

[3] United States v. Thomas, 12 F.3d 1350, 1371 (5th Cir. 1994).

[4] Id.

[5] Record, Vol. 3, 197.

[6] United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994).

Cook next contends that his counsel was ineffective for failing to withdraw the guilty plea when it became clear the government would not recommend the ten year sentence. Cook's contention is based on the theory that the government breached the plea agreement, and his attorney failed to object. As this Court has just explained, the government did not breach the plea agreement, so counsel could not be deficient for failing to object to such a "breach."[7]

Cook further contends he received ineffective assistance of counsel, in that counsel did not object to the presentence investigative report (PSR). The PSR recommended an enhancement of sentence for obstruction of justice, asserting that Cook threatened a government witness. The PSR also recommended no downward adjustment for acceptance of responsibility, even though Cook pled guilty, and, to some extent, cooperated with the government.

For the district court to sustain an objection to the facts outlined in the PSR, the defendant must show that these allegations are "materially untrue."[8] At no time has Cook produced any evidence that the allegation of threatening a witness is untrue, other than the self-serving testimony he would have given. As the objection would have been overruled on that basis, the failure to object is not ineffective assistance.

Further, it is exceedingly rare for a defendant to have his sentence enhanced for obstruction of justice and still receive a downward adjustment for acceptance of responsibility.[9] The district judge obviously believed the allegations of obstruction outlined in the PSR, and could reasonably rule from that belief that Cook had failed to accept responsibility for his crimes.

Cook's next assignment of error is that the district judge violated Federal Rule of Criminal Procedure 11(e)(2) by failing to advise him that if the court chose not to accept the government's sentencing recommendation, he would not be permitted to withdraw his guilty plea. As Cook raises

---

[7] Strickland v. Washington, 466 U.S. 668, 689-694 (1984). Appellant must show counsel's performance was deficient, and that the deficient performance prejudiced his defense.

[8] United States v. Rodriguez, 897 F.2d 1324, 1328 (5th Cir. 1990).

[9] United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997).

this issue for the first time on appeal, this Court reviews for plain error.[10]  A Rule 11 violation may be addressed in a § 2255 motion only if the error resulted in a "complete miscarriage of justice."[11] This case presents no such error.  In fact, the assignment of error is totally inapplicable to the facts of the case.  The district court did not reject the government's sentencing recommendation. The government recommended a sentence at the lower end of the guidelines, and that was the sentence meted out by the court. As the district court followed the government's recommendation, the assignment of error is without merit.

Cook's final contention is that his counsel was ineffective in advising him to accept a plea agreement Cook now describes as "illusory."  The plea agreement did not specifically mention a downward departure based on a § 5K1.1 motion.  Cook contends that absent such a motion, the district court did not have the authority to reduce Cook's sentence to ten years.  Had the plea agreement been enforced, it would have been governed by the law of contracts.  Under that law, a § 5K1.1 motion may have been an implied term of the contract, necessary to provide the consideration for the bargain.

Even if it is assumed that the plea agreement contains no implicit terms, the district court could have departed downwards based on reasons other than substantial assistance.[12]  As the court had the authority to depart downward, the plea agreement was not illusory.  Absent an illusory plea agreement, the claim of ineffective assistance of counsel is without merit.

AFFIRMED.

---

[10] Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995).

[11] United States v. Timmreck, 441 U.S. 780, 783 (1979).

[12] See §5K2.0.